UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GLYDWAYS, INC.,

            Plaintiff,

      v.

GLYD, INC.,

            Defendant.

Case No.   5:23-cv-00203-EJD

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 131

Before the Court is Plaintiff and Counter-Defendant Glydways, Inc.'s ("Glydways") second motion for summary judgment against Defendant and Counter-Plaintiff Glyd, Inc., ("Glyd"). Mot., ECF No. 131; Opp'n, ECF No. 137; Reply, ECF No. 139. The Court held a hearing on May 21, 2026, and heard oral arguments from both parties. ECF No. 144. For the reasons explained below, the Court **GRANTS** Glydways's motion.

## I.    BACKGROUND

The Court incorporates the facts described in the First MSJ Order and will discuss only those relevant to the present motion. *See* Order Granting in Part and Den. in Part MSJ ("First MSJ Order"), ECF No. 123.

Following the First MSJ Order, only one issue remains: Glydways's claim for cancellation of the GLYD Mark. *Id.* In its prior motion, Glydways argued the Glyd Mark should be cancelled based on a theory of fraud, but the Court found insufficient evidence that Glyd possessed the requisite fraudulent intent. *Id.* at 12–13. Then during the trial setting conference on December 4, 2025, Glydways argued for the first time that the undisputed evidence also proves its alternative

Case No.: 5:23-cv-00203-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
1

theory for cancellation, abandonment/non-use.[1]  The Court determined that this issue should be briefed ahead of any bench trial and provided leave for Glydways to file the present motion on this narrow topic.

## II.    LEGAL STANDARD

Courts may grant summary judgment on part of a claim or defense only if the moving party shows "there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is a genuine dispute when enough evidence exists in the record for a reasonable fact finder to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a fact is material when it might affect the outcome of the case.  *Id.*  When evaluating whether a moving party has satisfied this standard, courts view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

If the moving party successfully shows the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)).  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Summary judgment is proper if the moving party successfully establishes the absence of a genuine issue of material fact and the nonmoving party fails to set forth specific facts showing a genuine issue.  *Celotex*, 477 U.S. at 323.

## III.    DISCUSSION

The sole issue in this motion is whether the GLYD Mark is subject to cancellation based on its failure to satisfy the Lanham Act's "use" requirement.

Under the Lanham Act, "use in commerce" requires bona fide use of a mark in the

---

[1] Though Glydways listed its theory of "nonuse" in the first motion for summary judgment, it advanced arguments specific only to its theory of fraud.

Case No.: 5:23-cv-00203-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
2

ordinary course of trade, not merely token use, and it is satisfied where a mark is used or displayed in the sale or advertising of services and the services are rendered in commerce.  15 U.S.C. § 1127; *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1360 (Fed. Cir. 2009); *see also Sarieddine v. Alien Visions E-Juice, Inc.*, No. CV 18-3658 PA (MAAX), 2019 WL 1966661, at *8 (C.D. Cal. Apr. 12, 2019) ("[R]egistration of a mark that does not meet the use requirement is void ab initio.").  Relevant here, the Lanham Act provides that the owner of a trademark mark must file an affidavit "[w]ithin the 1-year period immediately preceding the expiration of 6 years following the date of registration" that states, among other requirements, "that the mark is in use in commerce."  15 U.S.C. § 1058(a)(1), (b)(1)(A); *see also Pellitteri v. Tangle Teezer, Ltd.*, No. 2:22-CV-08849-RGK-MAA, 2023 WL 7348290, at *3 (C.D. Cal. Nov. 7, 2023) ("Under 15 U.S.C. § 1058, a trademark is subject to cancelation unless its owner timely files an affidavit stating either (1) that the mark is in use in commerce or (2) that nonuse of the mark should be excused due to special circumstances.").  If a trademark is not in use at that time, the registration "shall be canceled."  15 U.S.C. § 1058(a).

Here, Glyd filed its statement of continued use pursuant to 15 U.S.C. § 1058 on May 23, 2024.  Although the statement indicates the GLYD Mark was still in use on that date, the following relevant facts are now deemed admitted:

(1) "Glyd, Inc. was not using the Glyd Mark in commerce in connection with any services on May 23, 2024."  Req. for Admission ("RFA") No. 84, ECF No. 131-3.

(2) "[O]n May 23, 2024, Glyd, Inc. was not using the Glyd Mark in commerce for all of the services listed under International Class 38 in its May 23, 2024 statement of use filed with the United States Patent and Trademark Office."  RFA No. 85.

(3) "[O]n May 23, 2024, Glyd, Inc. was not using the Glyd Mark in commerce for all of the services listed under International Class 39 in its May 23, 2024 statement of use filed with the United States Patent and Trademark Office."  RFA No. 86.

(4) "[A]s of May 23, 2024, Glyd, Inc. had not used the Glyd Mark in commerce continuously for five consecutive years."  RFA No. 87.

The Court finds these admissions conclusively establish that the GLYD Mark was not in use for any purpose when it filed the May 23, 2024, statement, or in the five consecutive years prior.[2]  These are sufficient grounds for cancellation under 15 U.S.C. § 1058.[3]  *See Aycock Engineering, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1362 n.13 (Fed. Cir. 2009) (invalidating 35 year registration due to non-use at the time of the renewal application).

Glyd's arguments to the contrary are unpersuasive.  First, Glyd contends that there are facts in the record to show the GLYD Mark was in use as of May 23, 2024, but it fails to cite to any evidence.  Vaguely referencing evidence without "citing to particular parts of materials in the record" is insufficient to establish a dispute of fact.  Fed. R. Civ. P. 56(e)(2) (providing that a fact may be undisputed for the purpose of a motion for summary judgment if it is not challenged in the manner required by Rule 56(c)); 56(c) (requires "citing to particular parts of materials in the record"); *see also* Standing Order, § V(B)(4) ("Each fact in the Moving Separate Statement will be deemed to be admitted for purposes of the motion unless specifically controverted by the opposing party, so long as the moving party meets its burden of proof under Federal Rule of Civil Procedure 56.").  Regardless, facts deemed admitted are considered "conclusively established," Fed. R. Civ. P. 36(d), and Glyd has not presented the Court with any authority permitting it to consider evidence that directly contradicts a valid admission.

Second, Glyd argues that the facts deemed admitted are insufficient to prove cancellation because they impermissibly recite broad legal conclusions, i.e., "no services" and "no use."  Opp'n 7 (citing *Thompson v. Beasley*, 309 F.R.D. 236 (N.D. Miss. 2015); *REC Marine Logistics, LLC v.*

---

[2] "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(d); *see also Inland Empire Waterkeeper v. Corona Clay Co.,* 17 F.4th 825, 837 (9th Cir. 2021) ("Rule 36 makes plain that the admitted fact is no longer subject to dispute.").  Glyd previously attempted to withdraw these admissions, but Magistrate Judge Cousins denied its motion.  ECF No. 115.  The Court may therefore rely on the deemed admissions as conclusively established facts for purposes of entering summary judgment.  *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007) ("Unanswered requests for admissions may be relied on as the basis for granting summary judgment.") (internal quotation marks omitted) (quoting *O'Campo v. Hardisty*, 262 F.2d 621, 624 (9th Cir. 1958)).

[3] The Court need not address Glydways's additional arguments regarding non-use during other periods of time.

Case No.: 5:23-cv-00203-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

*Richard*, 470 F. Supp. 3d 606 (E.D. La. 2020)).  The Court disagrees.  Rule 36 permits admissions to include "facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(1)(A).  The admissions here regarding whether and when Glyd actually used the Mark in providing services in commerce fall within that scope, and Glyd's out-of-circuit district court cases finding to the contrary are distinguishable.  For example, in *Thompson*, the admissions broadly conceded liability and recited the elements of the claim without including any facts specific to the case: "[A]dmit that the Defendants are not liable and have no liability to Plaintiff . . . [A]dmit that the sole proximate cause of Plaintiff's injuries or losses, if any, was his own negligent or intentional acts. . . [A]dmit that Plaintiff was solely at fault for the incident which is the subject of this lawsuit."  *Thompson*, 309 F.R.D. at 241.  Similarly, in *REC*, the admissions included sweeping statements such as admitting the defendant was "negligent in causing the injuries sustained by" the plaintiff.  *REC*, 470 F. Supp. 3d at 614 n.39.  Though the admissions here contain some words with specific legal meanings under the Lanham Act, such as "use" and "commerce," they do not contain sweeping admissions of liability as the admissions did in *Thompson* and *REC*.

Accordingly, the Court finds Glydways met its burden to present sufficient undisputed evidence to prove cancellation based on non-use, and Glyd failed to show a genuine material dispute of fact in response.  The Court therefore **GRANTS** Glydways's motion for summary judgment.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Glydways's motion summary judgment on its claim for cancellation of the GLYD Mark.  The Clerk of Court shall close this case.  Separate judgment to follow.

**IT IS SO ORDERED.**

Dated: June 29, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-00203-EJD
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
5